## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EILEEN E. JENKINS<br>7978 Inverness Ridge Road<br>Potomac, Maryland 20854 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.:_____ |
| DISTRICT OF COLUMBIA<br>(A Municipal Corporation)<br>441 Fourth Street, N.W.<br>Washington, DC 20001 | ) ) ) ) ) | JURY DEMANDED |
| Defendant. | ) ) ) | |
| Serve: Honorable Muriel Bowser,<br>　　　Mayor of the District of Columbia<br>　　　c/o Tabitha Braxton, Staff Assistant<br>　　　　Gladys Herring, Executive Assistant; or<br>　　　Designated Representative<br>　　　Executive Office of the Mayor<br>　　　1350 Pennsylvania Avenue, N.W., Suite 316<br>　　　Washington, DC 20004 | ) ) ) ) ) ) ) ) ) | |
| Serve: Honorable Karl A. Racine,<br>　　　Attorney General of the District of Columbia<br>　　　c/o Designated Representative<br>　　　Office of the Attorney General for D.C.<br>　　　441 Fourth Street, N.W.<br>　　　Washington, DC 20001 | ) ) ) ) ) ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Eileen E. Jenkins, by and through her undersigned counsel,

and sues Defendant District of Columbia for the cause of action stated as follows:

1

## INTRODUCTORY STATEMENT

1.      Plaintiff Eileen E. Jenkins ("Plaintiff" or "Ms. Jenkins") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981a; District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01, *et seq.*; Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; for relief from discrimination based on her race (African American), age (xx-xx-1958) and being subjected to a hostile working environment during the course of her employment.

2.  Defendant District of Columbia ("Defendant") discriminated against Plaintiff and subjected her to a hostile work environment during the course of her employment with the District of Columbia Department of General Services – Construction Division ("the Agency" or "DGS").

## PARTIES

3.      Plaintiff Eileen E. Jenkins was an employee of the District of Columbia Department of General Services – Construction Division.  She resides at 7978 Inverness Ridge Road, Potomac, Maryland 20854.  Ms. Jenkins is a United States citizen.

4.      Defendant District of Columbia ("Defendant") is a governmental organization and municipal corporation.  The District of Columbia Department of General Services – Construction Division is a subordinate agency of the District of Columbia government.  Defendant is headquartered at 441 Fourth Street, N.W., Washington, DC 20001.

## JURISDICTION

5.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States,

specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. It further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq*.

6. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

7. Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, and occurred in the District of Columbia. 28 U.S.C. § 1391. Venue is further proper in this district because there is no other district in which this action may otherwise be brought. *Id.*

8. Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the offices of the District of Columbia District General Services – Constructions Division, which is headquartered in the District of Columbia.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted all of her administrative remedies.

10. On or around August 21, 2014 Plaintiff timely contacted the EEOC and subsequently filed a Charge of Discrimination with the EEOC alleging discrimination on the basis of her race (African American), age (xx-xx-1958) and being subjected to a hostile work environment in violation of her rights under Title VII and the DCHRA. Plaintiff's Charge of Discrimination was also cross-filed with the District of Columbia Office of Human Rights ("DCOHR").

11.     Plaintiff timely files this action in accordance with the EEOC's Dismissal and Notice of Rights, dated September 1, 2015, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice. *See* EEOC Charge No. 570-2014-01916.

## FACTS

12.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

13.     In 1992, Ms. Jenkins was hired as an Architect for the District of Columbia Public Schools in the Design and Engineering Unit.

14.     In 2008, the Design and Engineering Unit was reorganized into the Office of Public Education Facilities Modernization ("OPEFM").

15.     At all relevant times herein, Ms. Jenkins was supervised by Maurice Dunn.

16.     In 2011, the OPEFM Unit that Ms. Jenkins worked in was consolidated into the District of Columbia District General Services – Construction Division ("DGS"), and Ms. Jenkins was laterally transferred from an OPEFM employee to District employee with the DGS.

17.     When Ms. Jenkins was transferred, her salary was not adjusted from the Educational Grade pay scale to the District of Columbia pay scale.

18.     Ms. Jenkins was transferred as an EG-14-8 Architect.

19.     To date, Ms. Jenkins' grade and step has not been properly adjusted.

20.     As a result of the non-adjustment, Ms. Jenkins earns less money than her DGS co-workers who perform the same or similar job duties and responsibilities but earn wages under the District of Columbia pay scale.

21.     After Ms. Jenkins' transfer to DGS, she was assigned additional duties and responsibilities of a Project Manager.  However, her title was not changed from Architect to

Project Manager. Additionally, Ms. Jenkins was not compensated for the duties and responsibilities.

22.     Upon information and belief, similarly situated employees (White and/or younger than 40) performing the same or similar job duties as Ms. Jenkins earn a higher salary than Ms. Jenkins.

23.     Upon information and belief, similarly situated employees (White and/or younger than 40) performing the same or similar job duties as Ms. Jenkins but with less experience earn a higher salary than Ms. Jenkins.

24.     After her transfer, Ms. Jenkins was informed by the Deputy Director that she was required to re-apply for her position.

25.     Ms. Jenkins submitted her application for grade 13 / 14 Project Manager.

26.     During a meeting with the Deputy Director, Ms. Jenkins was informed that she was selected for a grade 13 position, which was a grade / step and salary demotion.

27.     Upon information and belief, the available grade 14 positions were filled by applicants where were White and/or younger than Ms. Jenkins.

## CAUSES OF ACTION

### COUNT I
**(Employment Discrimination on the Basis of Race)**

28.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

29.     As an African American, Plaintiff is a member of a protected class.

30.     Because of her race (African American), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including but not limited to not

having her pay scale properly changed, not being paid commensurate with her duties and being demoted in pay grade, in violation of Title VII and the DCHRA.

31.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

32.     Defendant knew that Plaintiff is African American prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of her race.

33.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her race (African American).

34.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her race (African American).

35.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

36.     Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

37.     Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

38.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

39.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her race (African American).

40.     Defendant discriminated against Plaintiff because of her race by engaging in, tolerating or failing to prevent racial discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

41.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

42.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

43.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

44.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto..

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.     Award compensatory damages;

b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.   Supervisory training for the supervisors at issue herein;

h.   Award equitable, declaratory, and injunctive relief; and

i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT II
### (Employment Discrimination on the Basis of Age)

45.   Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

46.   The ADEA and the DCHRA makes it unlawful for an employer to take adverse action against an employee because of such individual's age.  29 U.S.C. § 623(a); D.C. Code § 2-1402.11.

47.   At all relevant times, Plaintiff was over the age of 40 (DOB: xx-xx-1958).

48.     Because of her age (DOB: xx-xx-1958), Plaintiff suffered from many adverse employment actions, including but not limited to not having her pay scale properly changed, not being paid commensurate with her duties and being demoted in pay grade, and other adverse actions complained of in this Complaint, as a direct result of Defendant's discriminatory treatment.

49.     The Defendant did not subject similarly situated Architects and/or Project Managers under the age of 40 to the same or similar adverse actions complained of throughout this Complaint in violation of the ADEA and the DCHRA.

50.     Less experienced similarly situated Architects and/or Project Managers under the age of 40 were hired at a higher pay scale and/or paid a higher wage than Plaintiff for same or similar performed during the relevant time period.

51.     Younger similarly situated Architects and/ or Project Managers were not subject to the age discrimination to which Plaintiff was subjected.

52.     Defendant's discriminatory treatment was intentional.

53.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

54.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

55.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

56.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.     Award compensatory damages;

b.     Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.     Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.     Award reasonable attorney fees, costs, and expenses incurred for this action;

e.     Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.     Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.     Supervisory training for the supervisors at issue herein;

h.     Award equitable, declaratory, and injunctive relief; and

i.     Award such other and further relief as this Honorable Court deems just

and proper.

## COUNT III
### (Hostile Work Environment)

57.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

58.     As a result of Plaintiff's protected status (African American) and age (xx-xx-1958), Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment.

59.     Plaintiff was regularly and continually subjected to harassing conduct that included being required to reapply for her position, transferred without proper grade adjustment, not selected for a grade 14 position, and not having her EEO complaints investigated or resolved, which created a hostile and abusive work environment.

60.     Plaintiff believes that she was subjected to a hostile work environment based on her race (African American) and her age (xx-xx-1958).

61.     Defendant's unlawful conduct was unwelcome.

62.     Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

63.     Plaintiff was subjected to harassment because her race (African American) and her age (xx-xx-1958), and the harassment unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

11

64.     Defendant knew or should have known of the harassment.  Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

65.     By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

66.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

67.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

68.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

69.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.     Award compensatory damages;

b.      Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.      Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.      Award reasonable attorney fees, costs, and expenses incurred for this action;

e.      Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.      Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.      Supervisory training for the supervisors at issue herein;

h.      Award equitable, declaratory, and injunctive relief; and

i.      Award such other and further relief as this Honorable Court deems just and proper.

**EQUITABLE RELIEF**

70.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

71.     Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in

further illegal actions on the party of Defendant, by and through its agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.   Supervisory training for the supervisors at issue herein; and

d.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

72.   Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By:   *donna williams rucker/rse*

DONNA WILLIAMS RUCKER
  (D.C. Bar No. 446713)
RUCKER & ASSOCIATES, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com

December 1, 2015                    Counsel for Plaintiff

14